On Motion to Dismiss the Appeal.
The opinion of the court was delivered by
Breaux, J.
The appellants having furnished appeal bond, with the United States Fidelity and Guarantee Company as surety, signing per Macon & Emery, agents and attorneys in fact, the appellee moved, on a number of grounds, to dismiss the appeal.
The grounds are:
First — The act under which certain corporations are authorized to become sureties upon bonds is illegal, for the reason that the functions entrusted to the Secretary of State, directing him to inquire as to the solvency of these corporations, are judicial and not ministerial.
Second — That the statute confers privileges upon the asserted favored corporations.
Third — The signatures of the principal and sureties on the appeal bond had not been proven.
Fourth — That the surety is not a resident of the parish of Orleans, where it has no property.
It is in place for us to state that the certificate of the Secretary of State, made out in accordance with Sec. 6 of the act No. 41 of 1894, is of record before as, establishing, as required by the statute, that the guarantee company, represented in this State by Macon & Emery, *1467 has complied with the laws of this State relative to foreign corporations authorized to become sureties on bonds.
The first objection raised by the appellee renders it necessary to determine whether the power conferred on the Secretary of State by the act in question is a judicial power.
Preliminarily to a decision of this point, it may be said that judgment, in the sense of exercising judicial power, involves an opinion and a decision. Here there is nothing of the sort. He, Secretary of State, does not put forth judicial power.
There is a broad distinction to be made between special authority under express delegation of duty and the judicial power invested upon courts in cases. The former is a ministerial function and the latter is judicial, emanating from a judge, or proceeding from a court of justice authorized to decide causes or exercise the functions of a court.
But under the statute in question the Secretary of State is authorized to accept a bond only under given facts, a duty purely ministerial.
His functions in matter of these bonds are well defined, and the limited authority with which he is entrusted, if not properly exerted, is subject to judicial investigation and decision.
The power to grant a certificate imposed upon the Secretary of State upon facts stated does not involve the exercise of a judicial function. As to the exercise of judgment which is required, it is not judicial in the sense of the power delegated to the courts.
A similar question was decided in State vs. Doyle, Secretary of State, 40 Wisconsin, 175; the court held that the power was not judicial, but ministerial.
Ministerial duties are exercised in obedience to a command or rule well defined — i. e., simple obedience or service is required in a specified manner. Pennington vs. Streight, 54 Indiana, p. 376.
With reference to the asserted privilege granted, urged as a second ground of objection:
The State may exercise the power of authorizing corporations or persons of a particular class, possessing the required responsibility or ability to become sureties, or perform certain acts. The statute has made no exception and applies to all of a class. The right of immunity is not special. It may be taken advantage of by all those whom the Legislature has chosen to designate by reference to a class *1468 or a number without violating the limitation of legislative power not to grant “ to any corporation any special privilege.” The right is not a privilege, and there is nothing special in the statute.
With reference to the proof of the signature of the principal, another objection to the appeal, raised by the appellant, it has long since been settled that such proof is not necessary. Richardson vs. Terrell, 9 Martin, 34. As relates .to the security and the objection urged that there is no legal proof that Macon & Emery were the agents of the surety to bind the surety; the certificate of the Secretary of State setting forth that they were agents was admitted without objection. Moreover, in the motion to dismiss filed in the lower court and tried, the objection here made was not raised. It follows that the ground was not timely urged before this court.
The case of the Standard Cotton Seed Oil Company vs. Matheson, 48 An. 1321, is an applying authority. The grounds were thoroughly considered in the cited case. We can conceive of no reason upon which to overrule that well considered case in so far as iD applies to the motion to dismiss this appeal.
The motion to dismiss is not sustained.