Statement of the Case.
MONROE, C. J.
Plaintiff brought this suit, as falling within the terms of Act No. 20 of 1914, known as the “Burke-Roberts Employers’ Liability Act,” for damages resulting from personal injuries alleged to have been sustained by him whilst getting out cross-ties, as an employe of defendant. It is alleged in the answer, and the allegations are sustained by the evidence, that:
“There was a verbal agreement between plaintiff, Clark, and Mr. H. N. Tannehill, representing defendant, by virtue of which Mr. Tannehill was to take all the ties made by Clark from the company’s timber at 16% cents apiece, for. the pine ties, and 18% cents apiece for the oak ties, delivered on the track; payment to be *381 made at the company’s office on written order given by said Mr. Tannehill, after counting and inspecting the ties. Plaintiff, Clark, did not work under the direction of any officer or employé of the Tall Timber Lumber Company, and the said company had nothing whatever to do with the labor employed by Mr. Clark, or the manner in which he did this work under the said contract, except to see that the ties were made according to specifications, and defendant avers that plaintiff was, in no sense, anything more than an independent contractor, delivering ties, as above alleged, at a certain price, to defendant.”
Opinion.
After considering the evidence, the judge a quo reached the conclusion that the relation sustained by plaintiff towards defendant was that of an independent contractor, and that this suit does not fall within the terms of the Burke-Roberts Employers’ Liability Act, and, so holding, dismissed it. We concur in that view, which, we find well sustained by reason and authority. Robideaux v. Hebert, 118 La. 1089, 43 South. 887, 12 L. R. A. (N. S.) 632; Young v. Fosburg Lumber Co., 147 N. C. 26, 60 S. E. 654, 16 L. R. A. (N. S.) 255; Kniceley v. West Virginia Midland Ry. Co., 64 W. Va. 278, 61 S. E. 811, 17 L. R. A. (N. S.) 370; Moffet v. Koch, 106 La. 371, 31 South. 40.
The judgment appealed from is therefore affirmed.