No. 3071

Second Circuit

———

BOYETT v. URANIA LUMBER CO., LTD.

———

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)
(April 9, 1928. Writs of Certiorari and Review denied by Supreme Court.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant —Par. 159, 160 j.**

As a general rule, six days constitutes a working week and will be adopted as such where it is not alleged and proved that a different rule existed.

2. **Louisiana Digest—Master and Servant —Par. 159.**

In arriving at the daily wage of one engaged in felling trees and sawing them into logs at a fixed price per thousand feet, board measure, no definite rule can be established, and each case must depend on its own particular facts and circumstances.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of LaSalle. Hon. F. E. Jones, Judge.

Action by Mrs. George Boyett against Urania Lumber Company, Ltd.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Vinson M. Mouser, attorney for plaintiff, appellee.

Walmsley, Beard & O'Keefe, of New Orleans, and Theus, Grisham & Davis, of Monroe, attorneys for defendant, appellant.

STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Mrs. George Boyett, individually and as natural tutrix of her five minor children, issue of her marriage with George Boyett, sues the defendant, Urania Lumber Company, Limited, under the Workmen's Compensation Law for compensation for the death of George Boyett which occurred by accident while performing duties arising out of and in the course of his employment by defendant. She alleged that her husband at the time of his death was earning $5.15 a day and she asks for compensation of $20.00 per week for 300 weeks, beginning January 17, 1927, with legal interest on each payment from the date of its maturity, for $250.00 medical and hospital expenses, $100.00 for burial expenses, and for $50.00 contingent burial expenses.

Defendant admitted liability but denied that it owed plaintiff as much as she claimed and alleged that her husband was only earning $14.50 a week and that it had duly tendered her 65% of this amount, or $9.46 per week, for 300 weeks, but that she had refused the tender.

And defendant denied that it was liable to plaintiff for the amounts claimed by her for medical and hospital expenses or burial expenses or contingent burial expenses.

On these issues the case was tried and there was judgment in favor of the plaintiff and against defendant for $13.85 a week for 300 weeks, beginning January 17, 1927, with legal interest on each payment from its maturity until paid.

Defendant has appealed.

OPINION.

The only dispute between plaintiff and defendant and the only question presented for our determination is as to the daily wage of plaintiff's husband.

Our learned brother of the District Court, in a written opinion, said this on the subject:

"What was the average daily wage of the husband of the plaintiff at the time that he received the injuries that resulted in his death? The evidence shows that he worked six days during the month of January, 1927, before his death, fourteen days in the month of December and eighteen days in the month of November, 1926. There is no evidence in the record to show how many days he worked in the months of September and October, 1926, but the evidence shows that for September, 1926, he earned $95.20 and for October, 1926, he earned $73.65. The court is of the opinion that there is nothing in the record to show how many days the deceased worked during these two months, and this earning should be disregarded in arriving at the average daily wage. He earned $60.60 in November and $46.75 in December, 1926, and $27.75 in January, 1927, not counting the sixty cents he made on the day of his injury; which shows that during the months of November and December, 1926, and January, 1927, the deceased worked thirty-eight days. Thus during the thirty-eight days that he worked he earned $134.10, which would give him an average daily wage, for the days he worked, of $3.55 per day which would be $21.30 per week. The widow is entitled to recover for herself and minor children 65% of this amount, which is $13.85 per week, for a period not to exceed three hundred weeks."

The Workmen's Compensation Law (section 8, subsection 2) declares that—

"For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee * * * a weekly sum as hereinafter provided * * *."

And subsection 3 of the same section provides that—

"The term 'wages' as used in this act is defined to mean the daily rate of pay at which the services rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury * * *."

In our opinion the "daily rate of pay" means one-sixth of the average weekly earnings of the employee during a six-day week and that the "weekly sum" to which the employee or his dependents are entitled is the specified percentage of an amount equal to six times the "daily rate of pay" so arrived at.

Had the District Court taken $27.75, the earnings of deceased during the last six days before the accident, as his average weekly wage, and divided this amount by six, it would have yielded $4.62 as the "daily rate of pay;" but considering all the evidence, including the thirteen monthly pay envelopes in evidence and the fact that the average daily earnings of persons engaged in performing the work plaintiff's husband was engaged in is $3.00, and considering, also, that one who works, as plaintiff's husband did, by the piece, ordinarily works more hours in the day than do they who only work by the day, we cannot say that the amount fixed by the District Court as the "daily rate of pay" of plaintiff's husband is incorrect.

Defendant's counsel cite the cases of

Bell vs. Albert Hanson Lumber Co., 151 La. 824, 92 So. 350.

Dick vs. Gravel Logging Co., 152 La. 993, 95 So. 99.

Burt vs. Davis-Wood Lumber Co., 157 La. 111, 102 So. 87.

as holding that the daily rate of pay of an employee working by the piece must be ascertained by considering the average weekly earnings; but in none of the cited cases was the question of the manner of ascertaining the daily rate of pay in dispute and we do not understand any one

of these cases as laying down an inflexible rule for determining the question. However, they do hold that in determining the daily wage of one engaged in felling trees and sawing logs at a fixed price per thousand feet the court should consider all the facts and circumstances in the case and render judgment accordingly. This we think was done by the District Court with fairness and equity to both plaintiff and defendant.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.