No. 257

First Circuit

JOHNSON v. VINCENNES BRIDGE CO.

(February 15, 1928.  Opinion and Decree.)
(April 11, 1928.  Rehearing Refused.)
(October 29, 1928.  Affirmed by Supreme Court on Writs of Certiorari and Review; Docket No. 29,311.)

Ellis & Ellis, of Covington, attorneys for plaintiff, appellee.

Morgan and Simmons, of Covington, attorneys for defendant, appellant.

MOUTON, J. The defendant was engaged in constructing a bridge across Pearl River, and through one Decker, its foreman, employed plaintiff to haul steel from freight cars at Pearl River Station to where it was erecting the bridge, a distance of about half a mile. The steel had to be unloaded by plaintiff from freight cars at the station, and had to be hauled by him in a truck to the bridge where it was to be used in its construction. The contract, a verbal one, was made on May 30, 1926. Plaintiff, under the agreement was to haul all the steel that was then at the station, which it was figured amounted to thirty-two tons. He was to receive two dollars a ton for the hauling, and had to furnish a truck for that purpose and the necessary labor.

On June first, two days after the date of the agreement, plaintiff with his truck and two laborers he had employed, started on the job to unload the steel, and to transport it in his truck to the place where the bridge was being erected. The same evening, about four o'clock, while plaintiff was loading his truck with the steel a heavy piece of steel fell on his hand, crushing two fingers, which later resulted in their amputation.

Plaintiff, for the injuries thus received, brings this suit for compensation under the provisions of the Employer's Liability Act. Judgment was rendered in his favor from which defendant company prosecutes this appeal.

Counsel for plaintiff and counsel for defendant, to a large extent, seem to rely on the case of Burt vs. Davis-Wood Lumber Company, reported in 157 La. 111, 102 So. 87. In that case, Burt, the plaintiff, had been employed by defendant company to carry its manufactured lumber to market, furnished his own team and wagon, and was paid at a specified rate per thousand feet. In this case plaintiff was to furnish his truck, and was to receive two dollars per ton, which, as in the Burt case, was likewise a specified rate. In that respect the two cases are similar. The similarity stops there.

In the Burt case it was shown that Burt boarded at the boarding house which afforded accommodations to the company and its mill's force. He was carried on the payroll as were other laborers of the mill, and was paid on the regular pay days, every two weeks. The lumber that he hauled was pointed out to him, measured, and he was given specific direction to whom he should deliver it.

Other facts are referred to in the opinion which showed that the company had practical control and supervision of the haulers which carried with it the authority to discharge the employee at will. Under that state of facts, as was remarked by the Court, the doctrine of independent contractor had no application. After thus commenting on the evidence the Court then expresses itself in the following significant manner:

"There was obviously no piece work to be performed, there was no particular job to be executed, there was no specific pile, stack or quantity of lumber to be hauled, but only such as was pointed out * * * by the employer."

In the instant case there was a specific pile, stack or quantity of steel to be carried, there was a particular job to be executed, and obviously a piece of work to be performed. This brings the present case clearly within the declaration of the Court above reproduced, and which differentiates it in well defined lines from the essential controlling facts of the Burt case. In this case it is shown that plaintiff had employed two laborers to assist him in doing the job, that they were paid by him, that the defendant company did not know who they were and that he also furnished the truck to haul the steel. Such facts, in cases of this character, have always been considered as important factors to show that the party engaged to do the work is not a servant, but must be considered as an independent contractor. Barrow vs. Shields, 13 La. Ann. 62; Clark vs. Tall Timber Lbr. Co., 140 La. 380, 73 So. 239; Peyton vs. Richards, 11 La. Ann. 62.

The record shows also that plaintiff expected to get through with the hauling in four days, and that his expenses, including the use of his truck which he estimated at five dollars, would amount to $37.50. His contract he says, was at the rate of $2.00 per ton for the haulings which would have totaled $64.00 for the thirty-two tons to be hauled. Deducting the $37.50 from these $64.00, the difference in his favor would have been $27.50. His truck was unquestionably thrown in as an investment in the undertaking and the balance he expected to receive, after deducting the wages he had to pay his employees with the use of the truck thrown in, can be considered in no other light than as the profit he anticipated to make on his contract. These facts considered with the conditions of the agreement to which we have hereinabove referred, make it quite clear that plaintiff was an independent contractor and was not an employee or servant of defendant company.

Counsel for plaintiff refer to the fact that the company had furnished a gin-pole, ropes, block and tackle, also a tractor to assist in unloading the steel from the freight cars; also, that Decker, foreman of the company, had explained the way to use this equipment. In showing plaintiff how to use this equipment to unload the steel from the cars, he was not attempting to direct or control plaintiff in the hauling of the stuff to the bridge where it was to be used, and for which plaintiff was employed. Plaintiff had a specific work to do, and the manner of its doing, including the employment, payment and control of the labor, was left entirely with him.

In a case presenting similar facts, and where equipment had been furnished by a railroad company to carry out the work, the court held that the party was an independent contractor. See Robideaux vs. Hebert et al., 118 La. 1089, 43 So. 887, 12 L. R. A. (N. S.) 632.

The proof shows that after plaintiff was injured he went to see a physician and that the two laborers he had employed carried a load of steel to the bridge; that the next morning they went back to the station to continue the work on which they had started the day before. They found that the company had placed others on the work, and for that reason they did not proceed any further and returned with the truck to plaintiff's home. It is shown that the two laborers had been sent by plaintiff to resume work the morning after he was injured. This fact shows that plaintiff considered that under his contract his duty was to haul the steel to the bridge, and that he had discharged this obligation in performance of the job he had undertaken through the men he had employed to assist him in accomplishing that object.

Counsel for plaintiff say that in putting others on the job next morning, the company actually exercised its right to discharge, and that this circumstance is a strong, if not a decisive factor in proving that plaintiff was an employee or servant of the company. The facts and circumstances of the case to which we have hereinabove referred, show that under the agreement plaintiff had been engaged as an independent contractor, and had so been considered after his employment. As he was, under the terms of his agreement, an independent contractor the nature of that contract had fixed legal essentials, and neither of the parties could control its legal effects. Being made, the law alone could govern its results. Lange vs. I. C. R. R. Co., 107 La. 702, 31 So. 1003; Cooley vs. Broad, 29 La. Ann. 345, 29 Am. Rep. 332; Adams Mach. Co. vs. Newman, 107 La. 702, 32 So. 38.

As plaintiff was an independent contractor he could have insisted on his rights under the contract, but neither plaintiff nor defendant could change its nature and convert plaintiff from an independent contractor to a servant or employee of defendant company.

For the foregoing reasons it is adjudged and decreed that the judgment appealed from be avoided and reversed and that the demand of the plaintiff be rejected at his cost in both courts.

ON APPLICATION FOR REHEARING.

MOUTON, J. When this case was first submitted, the contention between counsel, as was remarked in our original opinion, seemed to revolve around the proper application of the ruling of the Court in Burt vs. Davis-Wood Lbr. Co., 157 La. 111, 102 So. 87, to the issues presented herein for determination. In addition to what we said in quoting from that decision in our original opinion, we shall quote the following therefrom: "The defendant," said the Court, "had practical control and supervision of the haulers and the absolute right to say when and what lumber should be hauled, and this carried with it the right to discharge the employee at will."

But, plaintiff in that case, had been employed as a "hauler" and obviously, as found by the Court, the defendant company had control and supervision over him with the right to discharge him at will.

Here, as we stated originally, plaintiff had a specific pile or quantity of steel to be carried, a particular job to be executed, and evidently, a certain piece of work to be performed. Defendant company in the instant case, had no control or supervision over the work Johnson had been engaged to perform, the time he was to begin, manner of doing it, or when he was to get through with the job; and therefore, the defendant certainly had no right to discharge him at will.

This case, and the Burt case, are at such variance in the essential particulars above pointed out, and in other important factors commented upon in our original opinion, that we can not see how we could give the Burt case a different interpretation and application than it received in our former opinion, if we are to be guided, as we must be, by the conclusions of the higher court. Among several authorities cited by Moore, the cases of Holmes vs. Tenn. Coal, Iron & R. R. Co., 49 La. Ann. 1466, 22 So. 403, and Bell vs. Albert Hanson Lumber Company, 151 La. 824, 92 So. 350, are confidently relied upon by counsel for plaintiff.

In commenting on the decision of this Court counsel takes occasion to direct our attention to the case of Robideaux vs.

Hebert, 118 La. 1089, 43 So. 887, 12 L. R. A. (N. S.) 632, referred to by us, and which he says had been decided long before the Employer's Liability Act of 1914 was enacted. It occurs to us, that the Holmes vs. Tenn. Coal, Iron & R. R. Co., 49 La. Ann. 1466, 22 So: 403, supra, case, which is referred to by counsel as particularly applicable to the issues of this case, would be of little value if it could be affected by reason of the fact that it also antidates the adoption of the Liability Act, only with the difference that it precedes the Robideaux case by ten years, and the statute of 1914 by a much longer period. We do not think, however, that the pronouncements of the Court in those two decisions are in any way invalidated because of the fact that they had been rendered prior to the passage of the Employees' Compensation Statute. The rules of law which differentiate between the rights of an employee and those of an independent contractor depend upon a proper appreciation of the relations which exist between master and servant. The Employer's Liability Act has made no changes in those relations, and was intended to provide only for the compensation of employees under its various provisions.

Passing from these observations to the issues in contest, we shall first consider the decision in Holmes vs. Tenn. Coal, Iron & R. R. Co., 49 La. Ann. 1465, 22 So. 403. In that case, the employee, an old negro, owned a shovel with which he unloaded cars of coal for defendant company. Sometimes he was paid by the day; at others, for the car he unloaded. If he delayed in his work, additional labor was employed. He could quit as he pleased, and could be discharged at will. This laborer, says the Court, was under the authority of the defendant "who directed and ruled in all matters relating to work."

Obviously under such a state of facts, the Court held that this old negro was a laborer or employee, and was not an independent contractor. The facts are so essentially different in that case from those in the case at bar that no comments are necessary to show the inapplicability of that decision to the issues herein presented.

The case of Bell vs. Albert Hanson Lumber Company, 151 La. 824, 92 So. 350, was by an employee who was engaged in felling logs in a swamp for the supply of a sawmill. It is true this employee was not housed or boarded by the defendant company, and on account of the severity of the services required, could work on the days he pleased during the week; but, says the Court, he was a part of a logging outfit that had to operate with regularity; that the woods superintendent would see that the work was done right, and that the company had absolute control in the matter of allowing its employees to work and discontinuing their work.

Evidently, in that case, the plaintiff was a swamp laborer who earned his livelihood as one of a gang of men that formed a part of the system that was necessary for the operation of the mill. The complete, if not the absolute supervision that was retained over plaintiff in Bell vs. Albert Hanson Lbr. Co., 151 La. 824, 92 So. 350, for the direction of his services, as to the time he was to go to work or discontinue, and as to the manner of performance under the supervision of the woods superintendent, made it quite plain that he was a mere laborer or employee, and was not an independent contractor.

There was no such control and superintendence retained by defendant company over the plaintiff in the instant case, which constitutes the usual test applied in cases of this character as was recognized by the Court in the Bell case. On the contrary,

plaintiff herein, was altogether independent of control or supervision in regard to the time he was to begin his services, in what way he was to perform them, or as to the time he was to complete the job, or discontinue. The essential features, as appeared in the evidence, which clearly characterized plaintiff as a laborer or employee in the Bell case, are totally absent in the present suit, and which in our opinion show herein, as we originally held, that plaintiff was not an employee, but was an independent contractor.

Counsel refers us to Dick vs. Gravel Logging Co., 152 La. 999, 95 So. 99, where the Court said that the Employer's Liability Act is humane in its purpose and its scope should be liberally construed, so as to include all services that can reasonably be said to come within its provisions. In passing on this case we were not unmindful of the doctrine above referred to which has been repeatedly recognized by our Courts.

It must be admitted that contracts have certain legal characteristics which spring from the nature of the agreements. If the contract shows, as appears in this case, that the party employed is an independent contractor, it is impossible to change the nature of his agreement and to classify him as a laborer or employee. It is proper we admit, to rather enlarge than restrict the provisions of the Employer's Liability Act, but we cannot believe that the courts are authorized to give it such a liberal construction as to bring the services of an independent contractor within the purview of that statute. Such a construction would carry the doctrine invoked beyond all statutory bounds or limitations. We cannot do that.

The rehearing, for the foregoing reasons, is refused.