## FELTS v. SINGLETARY.

No. 1045.

Court of Appeal of Louisiana. First Circuit.

June 30, 1932.

Harvey E. & Frank B. Ellis, of Covington, for appellant.

M. I. Varnado, of Bogalusa, for appellee.

## MOUTON, J.

Plaintiff alleges that October 30, 1930, while hauling timber for defendant a log fell on his leg from which resulted severe injuries, and brings this suit against defendant in damages for compensation under the Employers' Liability Act (Act No. 20 of 1914, as amended).

Averring total disability during twenty-one weeks. and partial disability for nine weeks, plaintiff is claiming for total disability, $420, and a minimum of $90 for partial disability, also the sum of $228 for hospitalization and medical expenses.

He recovered judgment against defendant for $384, from which defendant appeals.

Defendant excepted to plaintiff's petition for vagueness; also for its failure to set out a cause or right of action, because, according to defendant's contention, one of the articles of the petition shows that plaintiff was an independent contractor.

The demand of the plaintiff is set out with sufficient particularity in all the essentials that the nature of his suit required, and we find no merit in this exception of vagueness, nor in the other, of no cause of action, which properly belonged to the merits, where the issue of independent contractor was presented in defendant's answer, was fully considered and passed upon below.

The defense is twofold, firstly, that defendant never entered into a contract of employment with plaintiff either express or implied; secondly, and in the alternative, that, if plaintiff was ever employed by defendant, he was an independent contractor barring him from recovery under the compensation laws of this state.

If the judgment denying these defenses is approved, counsel for defendant asks that the amount decreed be based on a four-day week instead of a six-day week, and thus reduced to $332.

It is not disputed that plaintiff was injured. The issues presented for solution revolve around the proper disposition of the defenses above referred to and incidentally as to the claim for the reduction of the amount allowed plaintiff.

Defendant was engaged in having logs carried from Barenine to Florenville in St. Tammany parish. Watts was employed by him to load the logs at Barenine for delivery on cars at Florenville, where he had employed Ed. Davis to unload them on cars for shipment to Bogalousa.

Defendant was paying $2 per thousand feet for the hauling of the logs, which were transported in trucks by several employees.

Plaintiff testifies that defendant, on a Sunday, came up to the home of Escow Jenkins, where he was boarding, and employed him to haul the logs in his truck from Barenine to Florenville; that he was then in the employ of Jenkins, and that he started a few days later, that is, on the 29th of October, to transport the logs from the pile at the camp; made one load the first day, five loads on the 30th, the next day, when he was hurt late in the afternoon.

He says Escow Jenkins was there when defendant employed him, and thinks that he heard when he was employed. Escow Jenkins says he saw defendant and plaintiff talking at his house on that Sunday morning, but did not know "about what." His testimony is: "I never paid them any mind." Hence, this witness does not deny that plaintiff was employed by defendant on the Sunday in question.

It is shown that Mrs. Singletary was in the auto next to defendant, her husband, when he had that conversation Sunday at Escow Jenkins' home, to which we have referred. Her testimony on this subject is that if her husband hired him she did not hear it.

Plaintiff testified that on the second day that he worked he saw defendant at Barenine where the logs were loaded, and that he talked to him. This was the day plaintiff was hurt. Watts, who was loading the logs for defendant, was at the camp that day, but, when asked if defendant had talked with plaintiff on that day, answers, that he does not think that statement correct, because if defendant had been there he would have seen him, and says the night before plaintiff was injured defendant told him he was going to Mississippi.

Defendant testifies he was not at the camp the day plaintiff was hurt, as he was then in Mississippi and on his way back heard from a Mr. Crawford that the accident had happened to plaintiff.

In passing on this testimony, the judge expressed himself as follows:

"Taking the evidence and circumstances, it seems inconceivable that plaintiff would haul logs from the same place and along with other truck drivers without the express or implied consent of defendant.

"Defendant admits paying him for the work which he did, and I think the only logical conclusion to be reached is 'that defendant either expressly or impliedly employed plaintiff to haul logs for him."

Plaintiff is very positive in his testimony, and unhesitatingly maintained that he had been employed by defendant. The fact that he was paid by defendant for the work he had done strongly corroborates his testimony. It is also irrational to believe that he would have furnished his truck and would have undertaken to haul these logs, unless he had been, as said the court, employed either expressly or impliedly.

■ The credibility of witnesses falls largely within the province of the trial judge, who has the advantage of knowing the witnesses and of seeing their demeanor on the witness stand; advantages of which the appellate court is totally deprived in the exercise of its appellate jurisdiction. Bearing the foregoing consideration in mind, we are not warranted to say that the lower court has fallen into reversible error in finding as a fact that plaintiff had been employed by defendant to haul these logs.

We now pass to the next plea of independent contractor, urged in the alternative in bar of plaintiff's right to recover.

It is shown here that several truck drivers were employed by defendant to haul these logs from Barenine to Florenville for shipment to the sawmills. Plaintiff under his agreement furnished his truck, and, like the others, carried these logs for $2 per thousand to where they were unloaded. It is clearly shown that these employees, including plaintiff, had the right to quit work at any time, and, as the converse proposition must be taken as true, defendant, as their employer, had the privilege and authority to discharge them at will. Obviously, plaintiff, under his agreement, had no specified piece of work to perform, no particular job to be executed, which are the usual characteristics of contracts constituting the employee an independent contractor. Burt v. Davis-Wood Lumber Co., 157 La. 111, 102 So. 87; Johnson v. Vincennes Bridge Co., 9 La. App. 173, 119 So. 539.

In the Burt Case, supra, the employee furnished his own wagon and team and was paid at the rate of $3.50 and $4 per thousand feet. The furnishing of the teams did not make Burt an independent contractor, and had no effect on his right to recover. For the same reason, the furnishing of the truck by plaintiff must be considered in the same light, and without effect.

Here, plaintiff was employed, as were several others, to haul these logs at a certain point for shipment to their final destination. He was simply employed as a timber laborer, and was earning his livelihood as one of a gang of men engaged in a logging outfit for the benefit of defendant. As was said in one of the cases referred to in Burt v. Davis-Wood Lumber Co., 157 La. 111, 102 So. 87, 88, quoting: "To characterize such a laborer as an independent contractor would be simply to ignore the realities of the situation."

■ Plaintiff was not an independent contractor, and his demand is not affected by the defense presented on that issue.

The last contention is in reference to the question as to whether plaintiff is entitled to recover on a six or four days' weekly wage.

The court below found that the truck drivers were receiving at the time $2 per day, and held that this daily rate should be based on a six-day week; citing Boyett v. Urania Lumber Co., 8 La. App. 132, in support thereof.

In that case the court said that as a general rule six days constitute a working week, when it is not proved that a different rule existed.

Only one, among several witnesses for plaintiff and defendant who was examined on this question, said, that sometimes he worked six days in the week, and at other times, two. On cross-examination, that witness, Alonzo Jenkins, said four days a week hauling logs would be a fair estimate. All the other witnesses testifying for plaintiff and defendant said that four days of hauling of these logs constituted an average week.

■ Generally, six days constitute a working week, as was said in the decision above cited, but where a different rule exists, as appears in the instant case, that rule must be applied.

■ Instead of $12 a week, $8, as plaintiff's weekly wage, must be accepted as the basis to determine the amount due him on that part of his demand.

On a basis of 65 per cent. for 20 weeks, the court allowed him a total of $156. He is entitled to 65 per cent. on the basis of $5.20 per week for 20 weeks, making a total therefor of $104 instead of $156, granted below.

With the hospital bill the total sum to which plaintiff is entitled amounts to $332, and the judgment will be reduced accordingly.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reduced from $384 to the sum of $332, and, as thus amended, the judgment be affirmed; appellee to pay the cost of this appeal.