### OWERS v. McELVEEN.
### No. 1106.

Court of Appeal of Louisiana. First Circuit. Jan. 24, 1933.

Newman & Jones, of Leesville, for appellant.

Woosley & Cavanaugh, of Leesville, for appellee.

MOUTON, J.

Defendant, McElveen, was, in March, 1931, engaged in the construction of a road in Vernon parish.

It is alleged by J. R. Owers that J. D. Owers, his son, then a minor, was employed by defendant as a truck driver in the construction of that project; and that on March 12, 1931, was injured while rendering services in that capacity and in the course of his employment, for which judgment is demanded for $11.70 per week for 400 weeks.

During the pendency of the suit, J. D. Owers, the minor, having attained his majority, was substituted as plaintiff in the case.

The demand was rejected.

It is shown that Nathan Bricker was employed by defendant, McElveen, to haul dirt from a pit for use in the construction of the road, and that defendant was to pay him for his services at the rate of 40 cents per load. There is nothing to show that Bricker was employed by defendant as a contractor or subcontractor to carry out the execution of the work in which the latter was engaged.

The obligation of Bricker, under his contract of employment, was to drive his own truck, to hire the employees he needed to load his truck, and to haul the dirt for the price above stated. It is clearly shown that he had no authority to hire any one for defendant and that all the expenses for the operation of the truck were to be charged to Bricker, and that defendant retained no control or supervision over the operation of his truck. Bricker had no specified amount of work to do, and could have stopped at any time, entitling him to payment according to the loads he carried. Hence he was an independent contractor. Clark v. Tall Timber Lumber Co., 140 La. 380, 73 So. 239; Brown v. Weber King Lumber Co., 3 La. App. 596.

Plaintiff, J. D. Owers, was employed by Bricker to drive the truck for him; while driving towards the pit, the truck turned over, and Owers was injured. He had been hired by Bricker to drive that truck, and with which defendant, McElveen, had no connection, as Bricker had to drive his own truck and had no authority whatsoever to employ a truck driver for defendant. It is true that, although defendant had nothing to do with choosing the loaders for the truck, he paid for their services, but this was charged to Bricker and was deducted from his earnings. It is shown, however, that defendant never paid the driver of the truck, as this driving was to be done by Bricker, and that Bricker paid or agreed to pay plaintiff for his driving of the truck.

It is therefore clear that plaintiff was an employee of Bricker and not of defendant, with whom he had no contractual relation as an employee. When such relation does not exist between defendant as employer, and plaintiff as employee, the latter cannot recover compensation under the Employer's Liability Act (Act No. 20 of 1914, as amended). Young v. Petty Stave & Lumber Co., 7 La. App. Second Circuit, page 90.

The demand was correctly denied.

Judgment affirmed.