## MILLER v. FOSTER et al.

No. 4365.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 6, 1933.

T. A. Carter, of Alexandria, for appellant.

White, Holloman & White, of Alexandria, for appellees.

TALIAFERRO, J.

Plaintiff brought this suit to recover compensation alleged to be due him on account of injury sustained by him while in the discharge of the duties he assumed in a contract with defendants to clear some ground in Rapides parish. His petition alleges that he was to be paid $10 per acre to clear said ground, and that when injured, he was earning $4.50 per day. Plaintiff sued for 65 per

cent. of his weekly wages, on the above-stated basis, for not more than 300 weeks.

Defendants interposed exceptions of no cause and no right of action to the petition, and then answered, reserving the benefits of said exceptions.

The main defense urged by defendants in their answers is that plaintiff was an independent contractor, and therefore had no right or cause of action under the Workmen's Compensation Law (Act No. 20 of 1914, as amended); that he contracted to render service for a specified recompense for a specified result as a unit and as a whole and under the control of defendants as to results of his work only, and not as to the means by which such results should be accomplished.

Defendants also filed a plea of estoppel against plaintiff's right to recover herein, predicated upon the following provisions of the written contract between them:

"The party of the first part further agrees to assume all responsibility in the matter of liability for accidental damage or hurt to life and limb to himself and those employed by him in the clearing of said land for the parties of the second part, and to guarantee protection from such liability from falling on the parties of the second part by taking out a Workmen's Compensation Insurance Policy covering himself and those in his employ for the term of such employment while clearing the aforesaid tract of land and to pay the premium thereon.

"The parties of the second part agree to pay for such clearing at the rate of Ten Dollars ($10.00) per acre, the acreage to be determined by actual measurement of the land cleared, and to pay such amount as follows: Seven Dollars and Fifty Cents ($7.50) per acre for the amount cleared on each Saturday during the term of this contract, and the balance of Two Dollars and Fifty Cents ($2.-50) per acre to be paid when the contract has been fulfilled to the satisfaction of the parties of second part."

And specifically urge that plaintiff assumed all responsibility for damages to himself and his laborers arising from the fulfillment of said contract, and agreed to protect defendants by taking out workmen's compensation insurance; and that, as plaintiff contracted with defendants as an independent contractor, he is specifically barred, under the Workmen's Compensation Law, of any action against them on account of his alleged injuries.

This plea was filed under full reservation of all rights under the exceptions of no cause and no right of action and the answer previously filed.

The exceptions and the plea of estoppel, by consent, were referred to the merits. The case was tried on the merits and judgment was rendered for defendants, sustaining the plea of estoppel, overruling the exceptions of no cause and no right of action, and dismissing plaintiff's suit. From this judgment, plaintiff has appealed. Defendants answered the appeal and, in this court, they urge that the exceptions of no cause of action and no right of action be sustained and that judgment be rendered in their favor on the merits of the case.

The contract sued on contains the following provisions, in addition to those quoted in the plea of estoppel:

"This agreement made and entered into this 14th day of April, 1931, between I. W. Miller, of Alexandria, La., the party of the first part, and O. E. Barbre and W. H. S. Foster, also of Alexandria, La., parties of the second part:

"Witnesseth: That the party of the first part agrees to clear all trees, stumps, brush, branches and any other matter that may be considered as an obstruction to the free operation of a grading machine (except grass and leaves) on the right-of-way or fairways of the new Pinehurst Golf Course located on the Holloway Prairie Highway in the Parish of Rapides, La., such fairways to be located by stakes placed by the parties of the second part.

"The party of the first part further agrees that all stumps and main roots shall be removed at a depth of at least eight inches by blasting or grubbing, and all trees and wood that may be of value to the parties of the second part as fence posts or firewood, etc., shall be trimmed of all leaves and branches and stacked to the side of the staked fairways, and such trimmed off leaves and branches, roots, stumps and other trash that have no value shall be burned. * * *

"The party of the first part further agrees to complete the contract within fifteen working days from date of commencement of work."

Considered in view of the allegations of the petition alone, the exceptions should not have been sustained; but when considered in the light of these allegations, as amplified and enlarged by the contract between the parties and the evidence, it is clear that plaintiff has no right of action against these defendants, under the Workmen's Compensation Law. The status of plaintiff under the contract is clearly that of an independent contractor. He engaged to clear land for a stipulated price per acre, and worked when he chose, hired his own assistants, and paid them from his own recompense and discharged them at will. Defendants exercised no control whatever over plaintiff as to the means by which he accomplished the result. Paragraph 8 of section 3, Act No. 20 of 1914, as amended by Act No. 85 of 1926; Johnson

v. Vincennes Bridge Co., 167 La. 107, 118 So. 820; Ryland v. Harve M. Wheeler Lbr. Co., 146 La. 787, 84 So. 55; Clark v. Tall Timber Lbr. Co., 140 La. 380, 73 So. 239; Cobb v. Long Bell Lbr. Co., 16 La. App. 297, 134 So. 310.

Many other cases to the same effect could be cited.

The judgment of the lower court overruling defendants' exception of no right of action was erroneous, and same is now reversed and said exception sustained.

Having reached the conclusion that plaintiff has no cause of action against defendants, under the Workmen's Compensation Law, and having sustained the exception squarely presenting that issue, which finally disposes of the case, we find it unnecessary to pass upon the plea of estoppel upheld by the trial court.

The judgment appealed from, except as herein amended, is affirmed, and plaintiff's suit is dismissed, at his cost.