**MORITZ v. K. C. S. DRUG CO., Inc.**

No. 4596.

Court of Appeal of Louisiana.
Second Circuit.

June 30, 1933.

Craig, Bolin, Magee & Baucum, of Shreveport, for appellant.

Hunter & Hunter, of Shreveport, for appellee.

MILLS, Judge.

Leonard Moritz, the 20 year old son of plaintiff, suffered a broken arm in a collision between a motorcycle, being driven by him, and an automobile. At the time he was engaged in delivering packages for the K. C. S. Drug Company, Incorporated, defendant herein. Plaintiff, the father of Leonard, brings this suit for the benefit of his minor son against his employer, claiming compensation under the provisions of Act No. 20 of 1914, as amended, for ten weeks' total disability and for medical expenses.

■ An exception of no cause of action was filed, aimed at the failure of the petition to allege that defendant is engaged in a hazardous occupation or business. It does allege that defendant is a wholesale and retail druggist; that plaintiff's son was employed to deliver on a motorcycle articles purchased by its customers; that he worked under the direction and control of defendant; and that his employment was dangerous and hazardous. While the petition does not allege in so many words that the delivery of packages by motorcycle was a part of defendant's business, all the facts from which this conclusion may be reasonably drawn are set out, which is all that is required of the pleader. The exception was properly overruled.

The defenses urged are that Leonard was an independent contractor and that defendant was not engaged in a hazardous business within the terms of the Compensation Act.

After due trial there was judgment for plaintiff for six and one-half weeks' compensation, at $7.13 per week, and $97.50 for medical expenses.

Defendant appealed, and plaintiff answered the appeal, asking an increase in the allowance to ten weeks.

Under the terms of his employment, Leonard was hired and paid by the week. He was subject to discharge at any time. He received 5 cents for each package delivered, plus 10 per cent. of the total weekly amount as a bonus. He furnished his own motorcycle and fuel; the 10 per cent. bonus being intended to take care of this expense. He had definite hours of work from 8 a. m. to 10 p. m. He was handed the packages for delivery by those in charge of the store, with directions as to their destination. He collected what was due and turned it over to the manager upon his return to the store. He was not required to follow any particular route in making the delivery; that being left to his discretion. While waiting around for deliveries, he was occasionally required to do other work around the store. He worked for no one else during the period of this employment by defendant. Two other boys were employed by the company, to do the same work on the same basis.

The delivery of retail sales is an essential part of the retail drug business.

The term "independent contractor" is thus defined in subsection 8 of section 3 of the Workmen's Compensation Act (as amended by Act No. 85 of 1926, § 1): "The term 'independent contractor' shall be considered to mean, for the purpose of this act, any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished."

■ The question of control over the work to be done is a main factor in determining whether or not one rendering services is an independent contractor. In the present case the only element of work under the control of the employee was the route he chose to take in delivering his packages. While he was paid by the package, that was merely the method of computing his weekly wage. Each delivery was not a separate contract.

■ Under the above facts, plaintiff's son was an employee and not an independent contractor. The fact that he furnished and main-

tained the motorcycle does not alter the situation. Powell v. Spencer Bros., 5 La. App. 218.

This is not a case where plaintiff is engaged in the general delivery business for whatever customers he can obtain. Johnson v. Vincennes Bridge Co., 167 La. 107, 118 So. 820; Beck v. Dubach Lumber Co., 171 La. 423, 131 So. 196; Adams v. Hicks Co., Ltd., et al., 149 So. 242, this day decided by·this court.

The next question is whether or not, in so fas as the employment of plaintiff's son is concerned, defendant was engaged in a hazardous business within the terms of the act.

It is conceded that the wholesale and retail drug business is not named in the act as, and is not in fact, in its main features, a hazardous business.

■ A motorcycle is propelled by a gasoline engine. The operation of engines and machinery is declared hazardous in subsection 2 (a) of section 1 of the act; hence the delivery of packages by motorcycle is a hazardous occupation. Lemmler et al. v. Fabacher, 19 La. App. 144, 139 So. 683; Haddad v. Commercial Motor Truck Co., 146 La. 897, 84 So. 197, 9 A. L. R. 1380; Burt v. Davis-Wood Lbr. Co., 157 La. 111, 102 So. 87.

The delivery of packages is admitted to be an essential part of defendant's retail business.

We then have before us the situation of a defendant whose main business is nonhazardous, with a necessary branch that is hazardous, and an employee injured while engaged in the hazardous branch.

In the leading case of Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303, it is held that an employee engaged in both hazardous and nonhazardous branches of the same employment, killed while employed in the nonhazardous branch, can recover. See, also, Youngblood v. Colfax Motor Co., Inc., 12 La. App. 415, 125 So. 883. The present case is even stronger, in that the injured employee was engaged in an essential hazardous branch.

In the case of Adams v. Hicks Co., Ltd., supra, it was found that the defendant was engaged in the wholesale grocery business, a nonhazardous occupatioh. But the court said: "Had the plaintiff's husband been killed while at work on one of Hicks Company's own trucks there is no question in the court's mind but that the Hicks Company, Limited, would be liable in this case—" citing the Byas Case, supra.

Plaintiff, then, is entitled to recover compensation for his son.

The boy's injury consisted of his left arm broken just above the elbow. His physician testifies that the arm was held rigid in a splint for six weeks, but carried in a sling for two weeks longer, and that, due to natural atrophy of the muscles and softness of the reunited bone, it should not have been used for work for an additional two weeks; that his fee is $50, and the sanitarium charge in the case $47.50.

One witness testifies that he saw Leonard driving his motorcycle in Cotton Valley at the end of six and one-half weeks. This is uncorroborated, is inconsistent with the medical testimony, and is denied by the boy and his father.

Leonard himself says that about the eighth week he took the place of one of the other delivery boys for several hours, but that he was not able to work all day.

■ As his claim is for total disability, and there is no basis to estimate the partial disability, the compensation allowed must be limited to eight weeks.

The only definite testimony offered as to the amount of his wages is that of the store manager, who shows from the weekly pay roll that 65 per cent. of the weekly wage is $7.13.

The judgment appealed from is therefore amended by increasing the period allowed from six and one-half to eight weeks, and, as amended, is affirmed.