# Ala. Midland Railway Co. *v.* Williams.

*Action for Damages caused by Excavations in Streets for Railroad Purposes.*

1. *Injuries to abutting property by railroad excavations in streets; when and against whom action lies.*—An action lies in favor of the owner of property abutting a public street, to recover damages for injuries caused by changing the grade of the streets for railroad purposes, although he sold to the railroad company a right of way through his property, unless the terms of the sale or the attendant circumstances authorize the inference that the resulting damage was included in the compensation paid; and the action lies against the railroad company and the construction company who built the road, although the work was done by a sub-contractor.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellee, John D. Williams, against the appellant corporations, the Alabama Midland Railway Company and the Alabama Terminal & Improvement Company, and sought to recover damages for injury to his property, caused by the grading of the street, which was necessitated by the grade of the railroad track of the Alabama Midland Railway Co. The contract for grading this part of the railroad was originally let to the Alabama Terminal & Improvement Co., and by it sub-let to other contractors.

Upon the evidence, which is sufficiently set forth in the opinion, the defendants requested the general affirmative charge for both defendants collectively; and then asked the general affirmative charge for each defendant separately. The court refused to give each of the charges as requested, and the defendants separately excepted; and on this appeal assign as error the refusal to give the charges requested by them.

GARDNER & WILEY, and A. A. WILEY, for appellant.

JOHN GAMBLE, SR., P. O. HARPER, and W. L. PARKS, *contra*, cited *Maddox v. City Council*, 89 Ala. 191; *Port of Mobile v.*

*L. & N. R. R. Co.*, 84 Ala. 117; *C. & W. Rwy. Co. v. With-erow*, 82 Ala. 191; *S. & Tus. Str. Rwy. Co. v. Rand*, 83 Ala. 294; *B. & P. M. Str. Railway Co. v. B'ham St. Railway Co.*, 79 Ala. 467; *Perry v. R. R. Co.*, 55 Ala. 424; 1 Wait's Act. & Def. 708; 9 *Id.* 3–7; *Stone v. R. R. Co.*, 51 Amer. Dec. 192.

WALKER, J.—The appellee's residence lot lay between Elm and Walnut streets in the city of Troy, in this State. He sold to the appellant Railway Company a strip of land off of the western portion of said lot as a right of way for its railroad. In building the railroad through said strip and across Walnut and Elm streets, which bounded said lot on the north and south respectively, a cut was made so that the railroad ran below the levels or grades of the two streets; and then the two streets and the sidewalks abutting said lot were cut down to correspond in grade with the bed of the railroad. The suit was brought to recover damages alleged to have been suffered by appellee as a result of cutting down the streets and sidewalks in the front and rear of his said residence lot.

Injuries caused to property abutting on a street by reason of the act of the municipal authorities in grading or cutting down the street or sidewalk to a lower level, may confer upon the property owner a right of action for damages notwithstanding a previous condemnation, sale or dedication of the lands included in the street; and in such case, the right to recover damages is well settled if the change in the street or sidewalk is such as not to be presumed to have been in the contemplation of the parties at the time of the original condemnation, sale or dedication.—*City Council of Montgomery v. Townsend*, 80 Ala. 489; s. c., 84 Ala. 478; *Same v. Maddox*, 89 Ala. 181. It is plain that the mere fact of a sale by the owner to a railway company of a right of way through one side of his lot could not properly be construed by the court to operate as an authorization, so far as the lot owner is concerned, to the railway company to change the grades of the streets upon which the other sides of the lot abut. There must have been something in the terms of the sale or in the circumstances attending it to authorize the jury to find that when the sale was made the damage to result to the lot from the lowering of the streets to be crossed by the railroad was in the contemplation of the parties, so that the price paid for the strip of land bought for the right of way could be regarded as including compensation for such anticipated damage. The evidence in this case disclosing nothing of the kind, we conclude, in recognition of the principles discussed in the cases above cited, as applicable against a railroad company as against a municipality; that the

evidence merely to the effect that appellee had sold the strip of land off his lot as a right of way for the railroad did not affect the correctness of the rulings of the court in refusing to give the several charges requested.

That the fact that the grading, from which the injury complained of resulted, was done by a sub-contractor does not affect the liability of the appellants, is determined by the ruling of this court on a similar state of facts in the case of the *Alabama Midland Railway Co. v. Coskrey, supra,* p. 254.

Affirmed.

| 92 | 279 |
|----|-----|
| 96 | 11 |
| 96 | 438 |

| 92 | 279 |
|----|-----|
| 101 | 681 |

| 92 | 279 |
|----|-----|
| 138 | 447 |

| 92 | 279 |
|----|-----|
| 143 | 631 |