MISSISSIPPI CENTRAL RAILROAD COMPANY *v.* MRS. MATTIE HOLDEN.

[54 South. 851.]

1. CONSTRUCTION OF RAILROAD. *Independent contractor. Abutting owner. Damages. Pleading.*

Where a railroad is constructed by an independent contractor according to plans and specifications furnished by the chief engineer of the railroad, and injury results not from negligence in the doing of the work by the independent contractor, but from the doing of the work at all, as illegal or as constituting, when done, a nuisance, the railroad company is liable for damages.

2. SAME. *Amount.*

Where the suit by the abutting property owner was for five thousand dollars damages for injuries to his property by the construction of the railroad, and there was evidence that the property before such construction was worth twenty-five hundred dollars and that the property was greatly damaged in respect to ingress and egress to and from the property and by reason of cinders, smoke and vibrations, a verdict for three hundred dollars is not excessive.

3. PLEADING. *Construction of railroad. Damages.*

Where an abutting owner sues a railroad company for damages and charges in his declaration that his damages were caused by the

construction of the railroad by an independent contractor who had contracted with the railroad to construct such road according to plans and specifications of the chief engineer of the railroad company and that when completed the contractor turned the railroad over to defendant and the same was accepted by it. A special plea, that defendant was not responsible because, at the time of the injury, it had nothing to do with the railroad so constructed, the work having been done by an independent contractor and that the railroad company did not acquire the line until after the damage had been completed, was demurrable, because such plea does not deny the allegations of the declaration that the construction company was to construct the road according to the plans and specifications furnished it by the chief engineer of the defendant railroad company, nor allege that it was the way the construction company performed its work and not the performance of the work itself, which caused the injury.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Suit by Mattie Holden against the Mississippi Central Railroad Company. From a judgment for plaintiff, defendant appeals.

This is an action for damages brought by the appellee against appellant railroad company for injury to appellee's property by obstructing the ingress and egress to and from said property by the construction of a line of railway along a certain street in the city of Brookhaven, known as Flora street. The declaration alleges and the proof shows that the appellant's predecessor contracted with a construction company, a foreign corporation, for the construction of its line of railway along such routes as might be selected and designated by the chief engineer of the railway company, and according to the plans and specifications prepared by said engineer and that the work was done in accordance with the contract, and, when completed, the railroad was turned over to the appellant's predecessor. There was a special plea, interposed by the appellant, the defendant below, which set up as a defense the fact that it was not responsible nor liable for the damage to plaintiff, because

at the time the injury was committed, it had nothing to do with the railroad, nor its operation or construction, but that the work was being done by the construction company under contract, and that there was no unity of interest between the two companies, and that the railroad company did not acquire the control of the line of railway until after the damage complained of had been committed. The court sustained a demurrer to this plea, and the case proceeded to trial, resulting in a verdict for the plaintiff for the sum of three hundred dollars, and from a judgment for that amount this appeal is prosecuted.

*Jeff Truly,* for appellant.

The demurrer admitted the facts as pleaded and simply challenged the legal sufficiency of the admitted facts. This demurrer was sustained. The legal effect of this ruling by the trial court was to overturn the rule of the "independent contract doctrine" in the state of Mississippi. Was he correct in so ruling, Is it the law in Mississippi that a railroad company is responsible that the doctrine of non-liability for the acts of independent contractors has always received recognition at the hands of the supreme court of our state, as well as the courts of final jurisdiction in all other states of the Union. This question has not been presented with any great frequency in the jurisprudence of the state of Mississippi, but in every case where it was even indirectly involved, the non-liability of railway companies for the acts of its independent contractors has been given full force. The first case bearing upon this question in our state, to which our attention has been directed, is that of *N. O. & N. E. R. R.* v. *Reese,* 61 Miss. 581. That case decided positively that "A railroad company is not responsible for the wrongful act of a contractor in taking trees from the land of another in procuring material to be furnished under his contract."

The language of the court, speaking through Campbell, C. J., was even stronger in behalf of our present contention than the language of the syllabus above quoted: Says the court: ''If he has a contractor engaged in his own business under the contract and pursuing his own methods in procuring the materials he has to furnish, the appellant was not responsible for his acts.''

There being no unity of interest between the construction company and the railroad company there could be no joint liability to plaintiffs for any injuries inflicted. This is clearly within the reasoning of the supreme court of our state in the case of *Construction Company v. Heflin,* 88 Miss. 314.

Undoubtedly the rule of the non-liability of railroad companies for the acts of independent contractors has been universally recognized by the courts of all other states, including the Supreme Court of the United States, as well as the standard text-writers, whose views are respected and adhered to: 1 Thompson on Negligence, § 626, p. 671; *McKinley* v. *Railroad Company,* 40 Mo. App. 449; *Railroad Company* v. *Corngill,* 24 P. 475; see, also, especially *St. Louis, Ft. S. & W. Ry. Co.,* 33 Am. and Eng. R. R. Cases, 397.

As showing that the same rule is still enforced and adhered to, we beg to call the attention of the court to the exhaustive note to the case of *Richmond* v. *Sitterding,* 65 L. R. A. 461. See, also, *Railroad Company* v. *Farver,* 111 Ind. 195.

We submit, therefore, that the ruling of the court in sustaining the demurrer to the special pleas, which presented the defense that the United States Construction Company was an independent contractor, is too manifestly error and so violative of the previous thoroughly established jurisprudence of our state as to absolutely necessitate the reversal of this cause.

*Cassedy & Butler,* for appellee.

Counsel for the appellant is in the attitude of contending that one may employ another to commit a nuisance on one's property, or so near it as to cause special injury to such person or property and to escape all liability on account thereof, because the one so employed is an independent contractor; or that one may employ another to do an act wrongful in itself and escape all liability from the consequences of the act, if the one so employed is an independent contractor; or that one may employ another to perform certain work which will necessarily result in injury, and escape liability, if the person employed is an independent contractor, or that one may employ another to perform certain work according to plans furnished by his employer or according to methods prescribed by the employer and escape all liability on account thereof, if the person so employed is an independent contractor.

But certainly learned counsel would not seriously press any such contention, especially in view of the decision of this court in the case of *Crisler* v. *Ott,* 72 Miss. 166.

It may be true that the construction company is liable for the wrong complained of, but that in no way relieves the railroad company from liability. Both railroad company and the construction company may be liable. It is not necessary, in this connection at least to complain of the holding of this court in either the Heflin case or the Reese case, though there is much respectible authority presenting a different view. Those cases have no sort of application to the case now before the court. Here the construction company did the very piece of work it was employed to do, in the manner it was employed to do it, on the right of way claimed by the railroad company, over the protest of the abutting property owner, and the railroad company ratified and approved the act and accepted the benefits accruing under the acts?

It is wholly immaterial whether the plea presented a good defense to the suit. Looking back over a completed record, it is manifest that the railroad company was and is liable, and whatever might have been the correct ruling on the plea, the undisputed and uncontradicted facts make a clear case of liability. This case is settled by the case of *Crisler* v. *Ott, supra,* and it is really unnecessary to go out of the state to demonstrate the correctness of the verdict in this case. But we desire to call the court's attention to the able, full and exhaustive note to the case of *Thomas* v. *Harrington,* 65 L. R. A. 742.

It is not necessary to deny the general rule. We may concede it to be as stated by counsel, but it has no application to this case. Thus in the note *supra* it is stated: "It is well settled that the rule as to the non-liability of an employer for the negligence of an independent contractor is 'inapplicable to cases in which the act occasioning the injury is one which the contractor was employed to do.'" And "I am clearly of the opinion that, if the contractor does the thing which he is employed to do, the employer is as responsible for that thing as if he did it himself." And again, "A person who employs a contractor to do a particular act is liable for the injurious acts of the contractor which 'flow out of the fulfillment of the contract,'" And again, "When the contractor is employed to do a particular act, the doing of which produces mischief, the doctrine by which the employer is exempted from liability does not apply." And again, "The rule exempting employers from liability for negligence of independent contractors does not apply where the performance of such contract in the ordinary mode of doing the work necessarily or naturally results in producing the defect or nuisance which caused the injury."

Further citation is not necessary. We call the courts special attention to this note. The act of the railroad

was a nuisance. The city could not authorize such an act, at least in so far as to relieve the company from liability to abutting property owners and this is true whether the fee to the street was in the owner or not.

SMITH, J., delivered the opinion of the court.

The general doctrine with respect to the liability of an independent solvent contractor, and nonliability of a railroad for which said independent contractor constructs a line of railway, is thoroughly well settled and needs no restatement. But there are exceptions to that general rule, as well settled as the rule itself, and one of them is that where the injury results, not from negligence in the doing of the work by the independent contractor, but from the doing of the work at all, as illegal, or as constituting, when done, a nuisance, the railroad company is liable, especially where, as here, the work was contracted to be done, and was done, ''according to the plans and specifications prepared and to be prepared by the chief engineer of the railroad company, which plans and specifications were to be furnished to the construction company, and to be attached to and become a part of the contract,'' to quote the language of the contract itself. For full discussion, see the able note to *Thomas* v. *Harrington,* 72 N. H. 45, 54 Atl. 285, in 65 L. R. A. 742. That contract further provided that the construction company was to obtain all necessary rights of way, which should ''in no case be less than one hundred feet wide, unless otherwise specified in writing by the chief engineer.'' It further provided that ''all ground for stations, switches, yards, turnouts,'' etc., should be built by the construction company, ''as needed and specified by the chief engineer and the plans and specifications.'' We do not think there can be any doubt on the evidence that the doing of the work which resulted in the injury was the doing of work constituting a nuisance, and that it was the doing of the work at all

which gave the plaintiff a cause of action, and not any negligence merely on the part. of the independent contractor, in the manner of doing the work.

We do not feel authorized, in view of all the testimony, in disturbing the amount of the verdict. The suit was for five thousand dollars, and the judgment was for only three hundred dollars. There is testimony that the property was worth two thousand and five hundred dollars before the work was done, and there is very much testimony that it has been materially damaged in respect to ingress and egress to and from the place, and some evidence that there was other damage by reason of cinders, smoke, vibrations, etc., which last kind of damage does not, however, seem to have been much insisted upon.

One of the most earnest contentions, and it has received our careful consideration, is that the demurrer to the special plea was improperly sustained. We do not think the special plea meets the case made by the declaration, the contract being a part of this declaration, in view of the averments in the amended declaration, which we have quoted above. The special plea does not fairly, construed clearly and definitely, deny the allegations of the declaration referred to, to the effect that the construction company was to construct the road according to plans and specifications furnished to the construction company by the chief engineer, etc., as quoted above. In other words, if the plea had been replied to, and the jury had found that plea true, it would have constituted no defense, under the law of the case, as to the exception to the general rule above set out, for the reason that the plea fails to deny the allegations of the declaration which brought the case within the exception and took it out of the general rule.

We do not think, therefore, any error was committed in sustaining the demurrer to the special plea, because it falls short of setting up facts which prevented the application of the exception stated to the general rule.

*Non constat* but that the railroad company would be liable, even if all the things set up in the special plea were true, when the declaration is looked at in the light of all its averments.

We have examined all the assignments of error, and we do not think any reversible error is presented for our consideration.    *Affirmed.*