(78 South. 126)

No. 22495.

MULDRY v. FROMHERZ & DRENNAN et al.

(June 30, 1917.  On Rehearing, Feb. 25, 1918.)

*(Syllabus by the Court.)*

MASTER AND SERVANT ⟨⟩316(2)—INJURY TO THIRD PERSON — "INDEPENDENT CONTRACTOR."

Where one enters into a contract whereby the other contracting party agrees to haul away the débris of a demolished building at a fixed price per load, and neither reserves nor exercises any right of direction or control as to the labor or means to be employed, or the manner in which the work is to be executed, the second party is an independent contractor, and it is he, and not the first party, who is liable in damages for an injury sustained by a third person, through the fault of one of his employés in the reckless driving of one of his wagons.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Independent Contractor.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Mary Muldry against Fromherz & Drennan, E. J. Lamothe, and D. G. Villere. Judgment for plaintiff against Fromherz & Drennan, and that defendant and plaintiff appeal. Judgment set aside, and suit dismissed as against Fromherz & Drennan, and judgment rendered against defendant D. G. Villere.

John May, of New Orleans, for appellant Fromherz & Drennan. Woodville & Woodville, of New Orleans, for appellant Mrs. Muldry.

PROVOSTY, J. A wagon loaded with bricks from a building that was being demolished passed across the sidewalk into the street and struck plaintiff's automobile and injured her, and plaintiff sues in damages the defendants, who were the contractors for demolition of the building and the erection of another on its site.

The defense is that the defendants had entered into a contract with one Lamothe for the demolition of the building and the re-moval of the débris, and that Lamothe had in turn entered into a contract with one Villere to cart away the débris, and that both Lamothe and Villere were independent contractors for whose acts defendants were in no wise responsible, and that the wagon in question belonged to Villere, and was being operated by him, and was under his sole and exclusive control.

Villere testified as follows:

"Q. What is your business? A. Drayage. Q. General drayage? A. General drayage. Q. You operate more than one cart? A. I operate seven or eight. Q. You take general contracts for hauling? A. I do. Q. You employ and discharge your own employés? A. I do. Q. You control their salaries? A. I do. Q. Has Fromherz & Drennan or any other contractor ever attempted to dictate to you as to the employment of your employés? A. Never; they may have made a suggestion to keep a man off a job or send a man there as a request, but they don't, as a rule, dictate. Q. You know of no case in which Fromherz & Drennan has ever compelled you to hire or fire a man? A. No."

The defendant Drennan testified:

"Q. In your contract with Lamothe, or, in fact, with any of these demolishers, do you reserve the right to employ or discharge their labor? A. No. Q. Or to maintain any supervision over the work? A. No, sir. Q. Do you, as a matter of fact, maintain any supervision over their work, other than to see that they carry out the terms of their contract? A. That's all I do. Q. In your contract with Lamothe, did you retain any supervision or control over the manner of Lamothe's doing his work? A. No, sir. Q. You're sure of that? A. I am sure of it; Lamothe is a competent wrecker."

Under these circumstances Villere was an independent contractor, for whose acts the defendants were not responsible.

We quote from defendant's brief as follows:

"Where one contracts to do and deliver certain specific work which is not unlawful, and the manner of the doing of which, including the employment, payment and control of the labor, is left entirely to him, he is an independent contractor, for whose acts or omissions in the execution of such contract the other contracting party is not liable. Robichaux v. Hebert et al., 118 La. 1089 [43 South. 887, 12 L. R. A. (N. S.) 632].

"One who contracts with another for the doing of certain work, and does not undertake to

control or direct him, or his employés, with respect to the manner of doing the work, is not liable to a workman employed by the contractor. Metzinger v. N. O. Board of Trade, Ltd., 120 La. 124 [44 South. 1007].

"It follows that if the master has retained no control over the details of the work let to another he is not the master of the servants of the contractor doing the work, and in case of injury the workman must look to the contractor alone for indemnity. Wilkinson on Personal Injuries, p. 141, and authorities cited thereunder.

"A railroad company, for which a contractor has undertaken to build or put in condition a new roadbed, is not liable in damages for injuries sustained by a person employed by the contractor, and over whom in the discharge of his function the company exercises no control; * * * nor yet is the question of the company's liability affected by the fact that it reserved to itself a right of supervision to the extent necessary to secure the proper execution of the contract and the right to object to the employment of persons selected by the contractor to operate his construction trains over its road. Robichaux et ux. v. Railroad Co., 131 La. 727 [60 South. 206].

"The mere fact that a proprietor retains a general supervision over work to be constructed for him by another, for the purpose of satisfying himself that the contractor carries out the stipulation of his contract, does not make him [the proprietor] responsible for the wrongs done to third persons in the prosecution of the work. Lutenbacher v. Mitchell-Borne Const. Co. et al., 136 La. 805 [67 South. 888], quoting with approval the above from Thompson on Negligence, § 660, p. 598.

"The master's liability rests upon his right to select the servants and to control their work; but when this selection and control rests in a contractor he [the master] is freed from such liability. Where the contractor undertakes to perform certain work, without interference from the contractee as to the mode or manner of doing the work, and the contractor employs the men who are to do the work, the latter is an independent contractor and not the servant of the contractee.

"Independence in control in employing workmen and in selecting the means of doing the work is the test usually applied by courts to determine whether the contractor is independent or not. Lutenbacher v. Mitchell-Borne Const. Co. et al., 136 La. 805 [67 South. 888].

"One who contracts to furnish material, works when and how he pleases, furnishes his own implements, employs, directs, pays and discharges his own laborers, and is not carried on the pay roll of the other contracting party, is an independent contractor. Volume 73, No. 3, Southern Reporter Advance Sheets; Clark v. Tall Timber Lumber Co. [140 La. 380, 73 South. 239]. See, also, Riley, Tutrix, v. State Line S. S. Co., 29 An. 791 [29 Am. Rep. 249]; Holmes v. Railroad Co., 49 An. 1470 [22 South.

403]; Gallagher v. Exposition Co., 28 An. 944; Farmer v. Kearney, 115 La. 722 [39 South. 967, 3 L. R. A. (N. S.) 1105]."

The learned counsel for plaintiff say that under the contract between defendants and Lamothe, the latter was to leave on the site of the demolished building 100,000 of the old bricks, and that these were the bricks which were being hauled at the time of the accident, and that they were being hauled in pursuance of a contract between defendants and Villere, and not between the latter and Lamothe. We find that by the terms of Lamothe's contract all débris were to be removed from the premises; but if it were otherwise, we do not see what difference it would make, so far as the liability of defendants is concerned. Villere would still be an independent contractor, and alone responsible for any damage caused by his employés. It would let Lamothe out, but not bring defendants in.

The judgment appealed from is set aside, and the suit is dismissed as against Fromherz & Drennan, at the costs of plaintiff.

LECHE, J., takes no part.

### On Rehearing.

MONROE, C. J. This suit was originally brought against Fromherz & Drennan for the recovery of damages sustained by plaintiff as alleged in the opinion heretofore handed down; but after they had answered alleging that the damage, if any, was caused by E. J. Lamothe or D. G. Villere operating as independent contractors, plaintiff filed a supplemental petition bringing those two persons into the case and praying for judgment, in solido, against all the defendants. The district court gave judgment against Fromherz & Drennan alone (for $1,000), ignoring the demand against Lamothe and Villere, and from that judgment Fromherz & Drennan and the plaintiff appealed. In this court the

judgment against Fromherz & Drennan was reversed, and the suit, as to them, dismissed, and, as in the district court, no disposition was made of the claim against Lamothe and Villere, the omission being attributable to the fact that the argument of plaintiff's counsel was directed mainly to the support of her claim against Fromherz & Drennan, and that the attention of the court was thereby distracted from the circumstance that plaintiff also had appealed from the judgment of the district court, thereby preserving her rights against the other defendants; and it was for the correction of that error that the rehearing was granted, no change of opinion having come about as to the nonliability of Fromherz & Drennan.

We find from the evidence that Fromherz & Drennan having entered into a contract for the demolition of certain buildings on the river side of St. Charles, between South and Girod, streets, and the erection of another upon their site, sublet the contract for the work of demolition and removal of the débris to the defendant Lamothe, who contracted with the defendant Villere, to haul away a portion of the débris, and that both Lamothe and Villere operated as independent contractors, each of them employing and discharging his own laborers, and doing, in his own way, the work which he had contracted to do, without direction or control, as to the manner of its doing from or by the party with whom he had contracted. Lamothe contracted with Villere upon such terms as he thought proper (being at so much per load) to do certain hauling for him, and Villere provided his own carts, employed his own drivers, and had the hauling done under his own supervision, or the supervision of a foreman who took his instructions from his employer, and Lamothe exercised no more control over the manner of executing that contract, or the means employed, than did Fromherz & Drennan in the matter of their

contract with Lamothe; the only right reserved to either being to see that the work contracted for was done before paying for it. We further find that the plaintiff, her daughter, and three other ladies were riding down St. Charles street between the two streets mentioned upon the side nearest that upon which the work of demolition had been going on, and that, the traffic becoming congested, their automobile was stopped, with a mail wagon immediately in front of it and another automobile immediately behind it; that while it was standing in that position, one of Villere's wagons, loaded with lime, brick, and other débris, or, perhaps, with brick alone, drawn by two mules, and driven by a negro man, came out of the premises in question and ran into it, or so nearly into it, that the pole or tongue of the wagon was projected into the tonneau, immediately in front of, and in such proximity to, the faces of the three ladies occupying the back seat as greatly to endanger them; that plaintiff, who was seated in the middle, seeing the approaching danger, raised her right hand, partly, perhaps, with the instinct of self-preservation, and also in an effort to push back and out of the way of that danger the lady who was seated to her right, and nearest to it, and that, in so doing, her hand was caught in the iron ring, at the end of the wagon tongue, and her little finger crushed between the ring and some one of the supports which upheld the top of the automobile, producing a compound fracture of that finger, bruising several of the other fingers and inflicting a severe shock to the nervous system of the plaintiff who has attained sufficient age to have grown children.

As we read the testimony, the conduct of the driver of the wagon was utterly reckless. The vehicles in the street were blocked and unable to move, and were in plain sight from the premises, say, 30 feet distant, from which the wagon started, and no explanation of,

or excuse for, its running into the automobile is offered. Plaintiff suffered exquisite pain at the moment, and has suffered more or less since that time. She was under the care of a surgeon for about a month, and had antitoxin administered to her to guard against tetanus. At the date of the trial, nearly a year after the accident, she complained of being very much disabled, but her surgeon seemed to think that she 'will recover from that. The case was tried in the district court before a jury, who found for plaintiff (though against Fromherz & Drennan) in the sum of $1,000. We find no reason for condemning Mr. Villere in a larger amount.

Proceeding, then, to render such judgment as should have been rendered by the court a qua:

It is ordered and decreed that plaintiff have judgment against the defendant Dennis G. Villere in the sum of $1,000, with legal interest thereon from the date of this judgment, and all costs of this suit. And in view of the fact that the case is now decided upon issues not heretofore considered, it is further ordered that the right be accorded to the litigants who are now concerned to apply for a rehearing within the usual delay.