No. 1988
Second Circuit Appeal

## ALONZO L. HARPER v. POLICE JURY OF BIENVILLE PARISH, ET AL.

(March 30, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Trespass—Par. 1, 2, 19.

Where the owner of land was unwilling to allow the contractors who were constructing a gravel road to use his land for a passageway, the act of the contractors in forcibly tearing down the owner's gates and using his land to haul gravel, damaged his property and entitled the plaintiff land owner to judgment for the amount of the damage done.

2. Louisiana Digest—Parishes—Par. 47.

The police jury of a parish in its governmental functions in granting a contract to build a gravel road cannot be held liable for the damages done to land owners by the contractors in the construction of this road.

(Civil Code, Art. 2315. Editor's note.).

Appeal from Third Judicial District Court of Louisiana, Parish of Bienville, Hon. J. E. Reynolds, Judge.

This is a suit for damages arising out of the illegal trespass on land brought by the landowner.

There was judgment for plaintiff against the contractors but not against the police jury. Defendant contractors appealed.

Judgment affirmed and increased.

P. E. Brown, of Arcadia, attorney for plaintiff, appellee.

H. D. Goff, J. Rush Wimberley, of Arcadia, attorneys for defendants, appellants.

CARVER, J. Plaintiff sues the Police Jury of Bienville parish W. H. Smith, Jr., and Dave McDermott for damages for illegally trespassing on his enclosed premises by using the same as a passage way to haul gravel and damaging the same by ruining grass and skinning up fruit trees and making deep ruts on the premises.

Smith denies doing the things charged.

McDermott admits the hauling but claims that he did so as subcontractor under Smith and also by authority of the Police Jury which, he says, fixed a public highway through plaintiff's property, and also by permission of plaintiff. He also claims there was a public road there already.

From a judgment in favor of plaintiff and against Smith and McDermott all three appeal.

Plaintiff's counsel argued the case before us orally and also submitted a brief. Defendant's counsel did neither.

The lower court rejected plaintiff's demand as against the Police Jury, which, we think, was proper. In taking the action it did, as hereinafter mentioned, it acted in its governmental capacity and was not, we think, responsible in damages.

The testimony shows that Smith had a contract with the Police Jury of Bienville parish and the State Highway Commission to build a good road, McDermott being subcontractor under Smith. Wishing to haul gravel through plaintiff's premises, enclosed orchard and pasture near his house—an effort was made to obtain his consent but an agreement could not be reached, as to compensation to be paid him therefore. Thereupon the Police Jury passed an ordinance declaring—

"That the owner of the land upon and over which said road passes may maintain in good order gates on his property with the rights of the public to pass through same."

Thereupon plaintiff brought suit against the Police Jury and Smith Brothers, alleged to be a partnership composed of J. B. Smith and W. H. Smith, Jr., enjoining enforcement of this ordinance on various grounds. This suit has never yet come to trial. The Police Jury, though, obtained an order to bond the same but it appears never to have given bond.

Notwithstanding the injunction and failure to bond, McDermott tore down plaintiff's gates and for several months hauled gravel across his premises, cutting up the land considerably, ruining some of the grass, killing some fruit trees and skinning up others, and strewing considerable gravel over the ground.

## I.

The ordinance of the Police Jury of course was a nullity; the plaintiff's property could not be taken or damaged by ordinance appropriating same, but the method pointed out by Revised Statutes 3369 should have been followed. The ordinance therefore was no protection to defendants.

## II.

Effort was made to show that the road had been formerly used as a public road, but we think the proof shows that it was merely a private road for the convenience of plaintiff himself and those of his neighbors to whom he chose to grant permission to use it.

## III.

The testimony of McDermott shows that his arrangement with plaintiff for a camping ground did not include the right of hauling over plaintiff's premises.

## IV.

McDermott testified that when it came to hauling, he got his orders from Smith. This makes Smith responsible for the trespass but does not relieve McDermott from liability therefore. Equal trespassers are liable *in solido*.

We think plaintiff entitled to an increase in the amount of the judgment. The act of defendant McDermott seems to us to have been a flagrant trespass on plaintiff's right to say nothing of its being an act in contempt of the injunction sued out by him to which Smith or at least the partnership of which he was a member was a party. The proof shows that plaintiff was not willing for defendants to use a 16-foot right of way through his premises for less than $100.00. They went through, though, without his consent and over his protest, tore down his gates, ruined some and damaged some more of his property

and used a roadway averaging very much more than 16 feet wide.

It is decreed that the amount of the judgment of the lower court be amended by increasing the amount of damages allowed to $200.00 with five per cent per annum interest from this date, and as thus amended that it be affirmed.

Reynolds, Judge, being recused, took no part in the decision.