REGAN, Judge.
Plaintiffs, Rayford and Eva Burris, instituted this suit against the City of New Orleans, Delta By-Products Incorporated, its insurer. The Travelers Insurance Company, and Letellier-Phillips Paper Company, endeavoring to recover the sum of $25,000 for the death of their four-year-old son, Rayford Burris, Jr., who drowned on February 4, 1954, in a pool of water which had accumulated in the Agriculture Street garbage dump.
Defendants pleaded the exceptions of no right or cause of action which were maintained by the lower court.
On appeal this court maintained the exceptions insofar as Delta By-Products Incorporated and Letellier-Phillips Paper Company were involved herein and then remanded the case insofar as the City of New Orleans was concerned in order that additional evidence might be adduced on the question of the existence of an attractive nuisance as it might adversely affect, as an exception thereto, the general rule that a municipality engaged in a governmental function is immune from tort liability.
The district court, in conformity with the views expressed by us,[1] adduced additional evidence as to whether or not the Agriculture Street dump as it existed on the day that Rayford Burris met his death constituted an attractive nuisance and thereafter rendered a judgment in favor of the City of New Orleans, and in doing so found that according to the jurisprudence no exception to the rule of governmental immunity from tort actions exists for injuries resulting from the maintenance of an attractive nuisance, and expressed the further opinion in conformity with the facts found by it that the Agriculture Street dump did not actually constitute an attractive nuisance.
The only question now posed for our consideration is one of law, and that is whether under the facts of this case the doctrine of attractive nuisance constitutes an exception to the general rule that a municipality while engaged in a governmental function is immune from tort liability.
*552 The operation of a garbage dump by the City of New Orleans is a governmental function,[2] and under the facts of this case the doctrine of attractive nuisance does not constitute an exception to the general rule that a municipality engaged in a governmental function is immune from tort liability. The question which we have posed for our consideration was explicitly answered by the organ of the court in Godfrey v. City of Shreveport[3] wherein a suit was instituted by Tindy Godfrey, a minor eleven years of age, through his father, against the City of Shreveport to recover damages for injuries incurred while playing in a municipal park established as a playground for children by the municipality; the petition asserted that the City of Shreveport established a park or playground for the recreation of children and caused to be erected therein a “chute” or slide for the amusement of children and that it invited and encouraged them to use this facility for amusement. It was further alleged that the device was both inadequate and insufficient for the protection of children, and it was a dangerous and attractive nuisance. The City of Shreveport pleaded the exception of no cause of action, which was sustained by the lower court. On appeal the court expressed the opinion that when the City of Shreveport established the park and playground, it performed a governmental function, and therefore was not liable under the allegations of plaintiff’s petition.
We remanded this case to the lower court out of an abundance of caution because we were not sure that the .doctrine of attractive nuisance may not have constituted an exception to the general rule that a municipality engaged in a governmental function is immune from tort liability. For instance, the liability of municipalities with respect to streets and sidewalks is a well-recognized exception to the general rule of immunity from tort liability granted to municipalities in the exercise of their governmental function. In any event, we are now convinced that under the facts of this case, the doctrine of attractive nuisance does not constitute an exception to the general rule that a municipality while engaged in a governmental function is immune from tort liability.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Burris v. City of New Orleans, La.App.1956, 86 So.2d 549. The facts are also set forth therein, which we accepted as true for the purpose of considering the exceptions of no right or cause of action pleaded by the City of New Orleans.

. Manguno v. City of New Orleans, La.App.1934, 155 So. 41 (Writ of certiorari denied August 3, 1934).

. 1927, 6 La.App. 356 (Writ of certiorari denied July 11, 1927).