McBRIDE, Judge.
During December, 1962 — February, 1963, Boh Brothers Construction Company, contractor, performed certain work for the Sewerage and Water Board of New Orleans; said contractor is alleged to have utilized certain heavy equipment negligently in the vicinity of plaintiff’s home which fronts on General Ogden Street, causing damage thereto. Averring that he sustained damage to the extent of $2,700.00, plaintiff filed suit against the contractor, its liability insurer, and the Sewerage and Water Board of New Orleans, in solido, to recover therefor.
The Sewerage and Water Board interposed an exception of no right or cause of action and also specially pleaded its governmental immunity from liability for tortious actions of its agents. The latter plea was maintained, and the suit as to the Board was dismissed and plaintiff has appealed.
The Sewerage and Water Board of New Orleans was created by Act 6 of 1899, Extra Session, which subsequently was proposed and adopted as an amendment to- the Constitution of 1898. Also see LSA-Const. 1921, art. 14, § 23 et seq.
LSA-R.S. 33:4071 (as amended by Act 361 of 1954) et seq. provide that the public water, sewerage and drainage systems of the City of New Orleans shall be constructed, controlled, maintained and operated by the Sewerage and Water Board. The Board may fix the rates to' be charged private consumers of water and shall base *737 its rates so as to make provision for the maintenance and operation of the public water, sewerage and drainage systems and all extensions, replacements, repairs and betterments thereto, and the City of New Orleans is relieved of the duty of providing in its annual budget or otherwise for the maintenance and operation thereof; the proviso is made that the rates charged private consumers of water shall never exceed the cost of operating and maintaining the water, sewerage and drainage systems.
The operation of the Sewerage and Water Board is the performance of a governmental function delegated to it by the sovereign state. State ex rel. Porterie v. Walmsley, 183 La. 139, 162 So. 826. The conduction of the work (upon a waterline under a public street), which is alleged to have caused the damage, was in connection with the Board’s operations as a governmental agency. The damage occurred through performance of powers and obligations of a public nature, and the Board is exempt from tort liability. State ex rel. Porterie v. Walmsley, supra; Howard v. City of New Orleans, 159 La. 443, 105 So. 443; Connell v. Yazoo & M. V. R. Co., 141 La. 701, 75 So. 652; Burris v. City of New Orleans, La.App., 100 So.2d 550; Martin v. City of New Orleans, La.App., 98 So.2d 559; Beck v. Boh Bros. Const. Co., La.App., 72 So.2d 765; Orgeron v. Louisiana Power & Light Co., 19 La.App., 628, 140 So. 282.
We are not unmindful that the work which caused the damage was being done on the water system from which department the Board derives a revenue. But the water system is not conducted for profit, and the charge to consumers of water is made merely for the purpose of paying the expense of all the public services rendered by the Board. It necessarily follows that the Sewerage and Water Board may not be sued for the torts committed by its contractor while engaged in this public pursuit. See Rome v. London & Lancashire Indemnity Co. of America, La.App., 169 So. 132.
Counsel for appellant, while conceding that governmental immunity applies in the instant case, argues that the doctrine has become obsolete under our system of law and that the jurisprudence establishing and maintaining it should be overruled. As seen above, many of the cases in which courts have approved and applied the doctrine of governmental immunity were decided by our Supreme Court. We have no authority to overrule its decisions. We would suggest that counsel for appellant address his argument to that tribunal.
The judgment appealed from is affirmed.
Affirmed.