180 So.2d 850 (1965)
Anthony R. TRAPANI
v.
The PARISH OF JEFFERSON, through its duly elected President, Thomas F. Donelon, and through its Governing Body, the Council, through its Members, and the T. L. James and Company, Incorporated.
No. 1961.
Court of Appeal of Louisiana, Fourth Circuit.
December 6, 1965.
*851 Roland R. Selenberg, Metairie, for plaintiff-appellant.
Gerard M. Dillon, New Orleans, for defendants-appellees.
Before McBRIDE, HALL and BARNETTE, JJ.
HALL, Judge.
Plaintiff, owner of a commercial building situated at 5209 West Napoleon Avenue in the Parish of Jefferson, brought this suit seeking recovery for damages allegedly occasioned to the building during the installation by the Parish of Jefferson of a sewerage line along the street upon which the building fronts. Plaintiff alleged that the line was installed by T. L. James and Company, Incorporated, contractors, under a contract with the Parish and further alleged "that in the process of installing the sewerage lines certain excavating of soil was done in a careless and negligent manner by the said T. L. James and Company, Incorporated, and its agents and employees, causing damage to petitioner's building in the amount alleged * * *." Named as defendants are the Parish of Jefferson and T. L. James and Company, Incorporated. The Parish filed an exception to plaintiff's suit on the ground that the petition stated no cause of action as to it by reason of the Parish's governmental immunity from tort liability absent a showing of legislative consent to the institution of such an action against it. T. L. James and Company, Incorporated, filed a motion for a summary judgment in its favor, basing its motion on an affidavit stating that none of the work of installing the sewerage system in and near the 5200 block of West Napoleon Avenue had been done by it but that all of such work had been done by its sub-contractor, Underground Contractors, Inc., an independent contractor over which it exercised no supervision, direction, or control, and for whose acts of negligence (if any) it could not be held liable.
The Trial Judge maintained the exception filed by the Parish of Jefferson and also granted the motion of T. L. James and Company, Incorporated, for a summary judgment in its favor. Separate judgments were rendered dismissing plaintiff's suit as to each defendant. Plaintiff prosecutes this appeal from those judgments.

Parish's exception of no cause of action
The Parish's exception of no cause of action was properly maintained. It is well settled that the installation of sewer lines is a governmental function, and that a Parish or municipality is immune from tort liability for any injury sustained as a result thereof, or in connection therewith, unless authority to sue in such cases has previously been consented to by the State Legislature. See: Turner v. Travellers Insurance Company, La.App., 169 So.2d 736; Beck v. Boh Bros. Const. Co., La.App., 72 So.2d 765; Marie v. Police Jury of the Parish of Terrebonne, 161 So. 2d 407.
In his brief plaintiff agrees with the ruling of the District Court maintaining the exception, and this issue has passed out of the case.

T. L. James' Motion for Summary Judgment
The record reveals that there is no dispute as to any material fact. The uncontroverted facts as disclosed by the record are as follows:
The prime contract for the sewerage work on and along West Napoleon Avenue was let by the Parish to T. L. James and Company, Incorporated, the contract being signed on July 29, 1963. On August 28, 1963 T. L. James and Company, Incorporated, subcontracted a portion of the work to Underground Contractors, Inc. Included in this sub-contract was the work *852 of installing that part of the sewerage system in and near the 5200 block of West Napoleon Avenue, in which block plaintiff's building is situated. Pursuant to and in accordance with the sub-contract, Underground Contractors, Inc., performed all of the work of excavating for, and installing, that part of the sewerage system in and near this block. T. L. James and Company, Incorporated, performed none of said work, nor did T. L. James and Company, Incorporated, its officers, agents or employees exercise any supervision, direction or control over the performance of the work by Underground Contractors, Inc.
It is clear from the record that if plaintiff's building was damaged, as he alleges, by the "careless and negligent manner" in which the soil was excavated during the process of installing the sewer lines, the negligence was the negligence of Underground Contractors, Inc., and not that of T. L. James and Company, Incorporated.
T. L. James and Company, Incorporated, takes the position that Underground Contractors, Inc., was an independent subcontractor, while plaintiff's position is that the latter company was merely an agent of the former.
If the sub-contractor was merely an agent, the prime contractor would be liable for any damage caused by the agent's negligence. On the other hand if Underground Contractors, Inc., was not the agent of T. L. James and Company, Incorporated, but was in fact and in law an independent sub-contractor, T. L. James and Company, Incorporated, would not be liable for the alleged damage since a principal contractor is not liable for injuries resulting from the tortious acts of an independent sub-contractor. See: Muldry v. Fromherz & Drennan et al., 142 La. 1087, 78 So. 126; Robideaux v. Hebert, 118 La. 1089, 43 So. 887, 12 L.R.A.,N.S., 632. See also: Baumgarden v. Holcombe, No. 9389 Orleans App. (unreported); Briggs v. Aiken, No. 9261 Orleans App. (unreported); Capdeville v. Schramm, No. 9018, Orleans App. (unreported). In an annotation in 18 A.L.R. 801, following several sections devoted to a discussion of the non-liability of an employer in respect of injuries caused by the torts of an independent contractor, the rule is expressed as follows (p. 810):
"The doctrine explained in the preceding sections protects a principal contractor in any case where the sole cause of the injury complained of was the negligent or otherwise wrongful act of a sub-contractor."
Plaintiff argues that the test to determine whether Underground Contractors, Inc., was an independent contractor is not the absence of any actual exercise of control by T. L. James and Company, Incorporated, over the performance of the work, but the test is rather, whether T. L. James and Company, Incorporated, had a right to interfere with or control its performance, citing Olano v. Leathers, La.App., 2 So.2d 486 and Faren v. Sellers, 39 La.Ann. 1011, 3 So. 363.
In this connection plaintiff contends that the written sub-contract filed in the record is replete with evidence of the right retained by the prime contractor to control the performance of the work, citing Articles 10, 12, 19 and 22 of the sub-contract.
Article 10 contains a prohibition against sub-letting or assigning the work without the consent of the prime contractor. Article 12 pertains to the settlement of controversies. Article 19 deals with cooperation in the prevention of accidents to workmen. Article 22 relates to compliance by the sub-contractor with governmental laws and ordinances, the procurement of insurance, the payment of taxes, and the conformance by the sub-contractor with union pay scales and union agreements binding on T. L. James and Company, Incorporated. Article 22 also prohibits assignment by the sub-contractor of any money earned by it under the sub-contract until all labor *853 and material bills have been paid. None of these articles confer upon T. L. James and Company, Incorporated, the right to exercise any direction or control over the performance of the work by Underground Contractors, Inc. The cited articles relate to matters other than performance of the work. We also note that the sub-contract requires the work to be done under the direction and to the satisfaction of the Parish's engineer or other representative, and not under the direction of anyone over whom T. L. James and Company, Incorporated, could exercise any control. In this it differs from the legal situation which existed in Faren v. Sellers, supra, cited by plaintiff.
Finally plaintiff contends that "* * * the possibility is that the contract itself did not call for the proper work to be done or that the work could not have been done in any manner which would have prevented the damage" and that in such cases the contractor cannot escape liability for the acts of an independent subcontractor, citing Marbury v. Louisiana Highway Commission, La.App., 153 So. 590. The short answer to this contention is that plaintiff's petition contains no allegations to this effect. His cause of action is based entirely on his allegation that "in the process of installing the sewerage lines certain excavating of soil was done in a careless and negligent manner."
It is clear from the record that the relationship of principal and independent contractor existed between T. L. James and Company, Incorporated and Underground Contractors, Inc., which precludes any vicarious liability of James for any tortious acts of Underground.
For the foregoing reasons the judgments appealed from are affirmed, costs of this appeal to be born by plaintiff-appellant.
Affirmed.